IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| LEO W. FEIGENBAUM, | ) | Case No. 09 B 36699 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**OBJECTION IN RESPONSE TO THE SECOND ROUTINE MOTION OF BRYAN G. BARRISH, JULIANA R. BARRISH, MICHAEL GIANNINI, AND CELESTE GIANNINI TO EXTEND TIME TO OBJECT TO THE DISCHARGE AND TO OBJECT TO DISCHARGEABILITY OF A CLAIM**

Now comes Leo W. Feigenbaum, by and through his attorneys, Gregory K. Stern and Monica C. O'Brien, James E. Hausler, and Christina M. Riepel and for his Objection in Response to the Second Routine Motion Of Bryan G. Barrish, Juliana R. Barrish, Michael Giannini, and Celeste Giannini (collectively, the "Movants") to Extend Time To Object To The Discharge and To Object to Dischargeability of A Claim, (the "Debtor's Second Objection"), states as follows:

1. On October 1, 2009, the Debtor filed a voluntary petition for relief under Chapter 7 of the United State Bankruptcy Code in the United State Bankruptcy Court for the Northern District of Illinois; and, on October 2, 2009, the Court issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, setting November 16, 2009 for the meeting of creditors and January 15, 2010 as the last day for filing complaints objecting to discharge and to determine dischargeability of certain debts.

2. On January 15, 2010, the Movants' filed a Motion to Extend Time to Object to the Discharge of Debtor (the "First Motion to Extend") seeking to extend the time to file a complaint to determine dischargeability of debt or to object to the Debtor's discharge until March 15, 2010.

3. On January 25, 2010, the Debtor filed his Objection in Response to the First Motion to Extend requesting that the Motion to Extend be denied because of Movants' failure to state any facts

in support of their request other than the statement that "Movants believe that additional financial information may become available, and Movants need additional time to review that information," purportedly referring to financial information not in the Debtor's possession at the Meeting of Creditors, but fails to identify the substance of the information they seek for a dischargeability objection.

4. On January 26, 2010, the Court overruled the Debtor's Objection to the First Motion to Extend and entered an Order extending the time for Movants to file a complaint to determine dischargeability of debt or to object to the Debtor's discharge until March 15, 2010.

5. On March 15, 2010, the Movants filed a Second Routine Motion to Extend Time To Object To The Discharge and To Object to Dischargeability of A Claim (the "Second Motion to Extend"). The Second Motion to Extend fails to state any facts specific to these Movants; but rather merely restates the facts alleged by another creditor, Frank Roldan ("Roldan) who has previously sought and obtained extensions of time to file a complaint to determine dischargeability of debt or to object to the Debtor's discharge.

6. Between January 26, 2010, and March 15, 2010, the Movants did not contact the Debtor's attorney, move for a 2004 Examination, appear in Court, or exhibit any diligence whatsoever in furtherance of its investigation of the Debtor for a hypothetical adversary proceeding.

7. While Rule 4004(b) and 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provide that the court may **for cause** extend the time to file a complaint both objecting to discharge and determining the dischargeability of a debt, Rule 9013 states that the motion "shall state with particularity" the grounds for the relief requested. "It is clear that an appropriate motion will identify the cause that leads the movant to seek an extension of time and should do so with some degree of specificity." *In re Nevius*, 269 B.R. 209, 211 (Bankr.N.D. Ind.

2

2001).

8. While the Movants' prayer for relief and the proposed order requests an extension of time to file either a complaint pursuant to 11 U.S.C. § 523 or 11 U.S.C. § 727, the Second Motion to Extend is devoid of any facts warranting an extension of time to file a complaint under section 523. 11 U.S.C. § 523 allows only a few particularized exceptions to discharge, grounds which would already be within the Movants' knowledge either before the Debtor's Chapter 7 filing or certainly after 165 days after the case filing.

9. The Movants have failed to plead anything within their Second Motion to Extend that identifies a cause for extending the time to file a complaint to determine dischargeability of debt. Sitting back and doing nothing without pleading some facts that indicate there is cause to extend the time to obtain a determination of the dischargeability of debt is insufficient to meet the standards set by Bankruptcy Rules, and the Movants' request should be denied.

10. The Movants' have failed to make any independent inquiry related to any alleged non-dischargeability of debt issues involving the Debtor.  The Movants have had 165 days to determine whether they have grounds to file an adversary proceeding alleging non-dischargeability of their debt and they have done absolutely nothing to justify any further extension beyond what this Court has previously granted.

11. While the decision to grant a request for an extension of time to file a complaint objecting to a discharge is within this Court's discretion, there must be some "cause" stated to support that request.  A majority of the courts have held that a lack of diligence can be fatal to a request at the eleventh hour to obtain an extension. *See, In re Woods*, 260 B.R. 41 (Bankr. N.D. Fla 2001) (Court denied creditor's request for extension where creditor failed to attend 341

3

meeting, delayed in requesting information and waited 110 days after commencement of case to request extension.)

11. In following the analysis set forth in the *Woods'* case, the majority view is "that there can be no cause for justifying an extension where the party seeking the extension failed to diligently pursue discovery prior to the expiration of the deadline." *In re Grillo*, 212 B.R. 744, 747 (Bankr.E.D.N.Y. 1997); *see also In re Mendelsohn*, 202 B.R. 831, 831 (Bankr.S.D.N.Y. 1996 ) (no cause where creditor failed to seek a Rule 2004 examination and moved for an extension of time on the last day to file objections to discharge); *In re Leahy*, 185 B.R. 405, 406 (Bankr.D.Mass, 1995) (cause absent where creditor waited until 10 days prior to expiration of deadline to pursue Rule 2004 examination); *In re Farhid*, 171 B.R. 94, 97 (N.D.Cal. 1994) (cause absent where creditor failed to attend 341 meeting or request any Rule 2004 examination); *In re Dekelata*, 149 B.R. 115, 117 (Bankr.E.D.Mich. 1993) (no cause where request for Rule 2004 examination was made for the first time 11 days prior to expiration of the deadline); *In re Littell*, 58 B.R. 937, 938 (Bankr.S.D.Tex. 1986) (no cause where creditor failed to conduct discovery and motion for extension of time was filed day before deadline was to expire). In the instant case, the Movants have not made a single attempt to obtain or request documents from the Debtor. While they attended the meeting of creditors, no request for 2004 Examination was ever made.

12. The Movants' request epitomizes a failure in diligency, and reflects the fact that the Movants have conducted absolutely *no discovery* during their initial extension and have stated no facts that would warrant the imposition of a second enlargement and extension of time.

13. The Debtor objects to the Movants' Second Motion to Extend because:

a) the Movants have failed to exhibit any diligence in their investigation of the Debtor or his

4

financial affairs;

b) the Movants fail to state any specific factual allegations that constitute "cause" for a second extension of time to object to discharge;

c) the Movants fail to state any specific factual allegations that constitute "cause" for an extension of time to file a complaint to determine dischargeability of debt;

d) the Movants fail to state why additional time is needed;

e) the Movants fail to state or even suggest a basis for objecting to the Debtor's discharge;

f) the Movants are unable to articulate a basis upon which to file a complaint to determine dischargeability of debt; and,

g) the Movants have made no attempts to obtain or review any of the Debtor's financial documents prior to the second deadline, and no requests for documents or information are outstanding from the Movants.

**WHEREFORE**, Leo F. Feigenbaum prays that this Court enter an order denying the Second Routine Motion Of Bryan G. Barrish, Juliana R. Barrish, Michael Giannini, and Celeste Giannini To Extend Time To Object To Discharge and To Object To Dischargeability of a Claim; and, for such other relief as this Court deems just.

                                                /s/ Gregory K. Stern
                                        Gregory K. Stern, Debtor's Attorney

Gregory K. Stern, P.C.
Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
James E. Hausler (Atty. ID #6292973)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558